IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

WELLS FARGO BANK,

    Plaintiff,                          No. CIV 2:12cv1824-JAM-JFM (PS)

    vs.

FREDA A. HINES,                    ORDER AND

    Defendant.                    FINDINGS & RECOMMENDATIONS

_____/

        Plaintiff Wells Fargo Bank commenced an unlawful detainer action in Sacramento County Superior Court on September 15, 2011. Notice of Removal at 1, Compl. Defendant Freda Hines removed this action on July 11, 2012 purportedly on the basis of subject matter jurisdiction, along with a request to proceed in forma pauperis.

        Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), when a party seeks to proceed in forma pauperis, the court shall dismiss the case if the court determines that the plaintiff fails to state a claim upon which relief can be granted. A plaintiff fails to state a claim when the court lacks jurisdiction over the subject matter of the complaint. See Fed. R. Civ. P. 12(b)(1).

        Courts "strictly construe the removal statute against removal jurisdiction," and "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992). Furthermore, "jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Id. Removal is proper only if the

1

1  court could have exercised jurisdiction over the action had it originally been filed in federal
2  court. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987).  The "presence or absence of
3  federal-question jurisdiction is governed by the 'well-pleaded complaint rule,' which provides
4  that federal jurisdiction exists only when a federal question is presented on the face of the
5  plaintiff's properly pleaded complaint." Id.

6  With the Notice of Removal, defendant provides a copy of the complaint filed in
7  Sacramento County Superior Court.  The complaint contains a single claim for unlawful
8  detainer.  In defendant's removal notice, it is asserted that the court has jurisdiction pursuant to
9  the Protecting Tenants at Foreclosure Act of 2009 ("PFTA"), 12 U.S.C. § 5220.  The PFTA
10 provides protections to tenants who reside in properties subject to foreclosure, including the
11 requirement that a 90–day notice to vacate be given to bona fide tenants. See SD Coastline LP v.
12 Buck, 2010 WL 4809661, at *1 (S.D. Cal. Nov.19, 2010) (unpublished).  Plaintiff's complaint
13 for unlawful detainer does not state claims under any federal law.  Rather, defendant appears to
14 assert the PFTA is at issue by virtue of defendant's defense to the action.[1]

15 Removal, however, cannot be based on a defense, counterclaim, cross-claim, or
16 third-party claim raising a federal question, whether filed in state or federal court. See Vaden v.
17 Discover Bank, 556 U.S. 49 (2009); Hunter, 582 F.3d at 1042-43; Metro Ford Truck Sales, Inc.
18 v. Ford Motor Co., 145 F.3d 320, 327 (5th Cir. 1998); Preciado v. Ocwen Loan Servicing, 2011
19 WL 977819, at *1 (C.D. Cal. Mar. 18, 2011); Fed. Nat'l Mortg. Ass'n. v. Bridgeman, 2010 WL
20 5330499, at *4 (E.D. Cal. Dec. 20, 2010).  The complaint indicates that the only cause of action
21 is one for unlawful detainer, which arises under state law and not under federal law.  Thus, this
22 action does not arise under federal law, and jurisdiction under 28 U.S.C. § 1331 does not exist.
23 /////

---

[1] Additionally, federal district courts have concluded that the PFTA does not create a federal private right of action, but provides directives to state courts. See, e.g., Deutsche Bank Nat'l Trust Co. v. Jora, 2010 WL 3943584, at *1 n.3 (E.D. Cal. Oct. 1, 2010); Zalemba v. HSBC Bank, USA, Nat'l Ass'n, 2010 WL 3894577, at *2 (S.D. Cal. Oct. 1, 2010).

1    For the reasons set forth above, IT IS HEREBY ORDERED that defendant's
2 motion to proceed in forma pauperis is denied; and
3    IT IS HEREBY RECOMMENDED that this case be remanded to Sacramento
4 County Superior Court for lack of jurisdiction.
5    These findings and recommendations are submitted to the United States District
6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen
7 days after being served with these findings and recommendations, defendants may file written
8 objections with the court.  The document should be captioned "Objections to Magistrate Judge's
9 Findings and Recommendations."  Any response to the objections shall be filed and served
10 within fourteen days after service of the objections.  Defendants are advised that failure to file
11 objections within the specified time may waive the right to appeal the District Court's order.
12 DATED: August 1, 2012.

_____
UNITED STATES MAGISTRATE JUDGE

/014;well1824.remand